**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**FELIPE CRISTIAN MENDOZA AQUIRRE,**

Petitioner,

v. Civil Action No. **3:26CV910 (RCY)**

**JEFFREY CRAWFORD, *et al.*,**

Respondents.

## MEMORANDUM OPINION

Felipe Cristian Mendoza Aquirre ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. He filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner alleges, *inter alia*, that Respondents' application of 8 U.S.C. § 1225(b) to mandate his detention violates the Immigration and Nationality Act. ECF No. 1, at 6.[1] Respondents filed an Opposition. ECF No. 7. Petitioner has not filed a response. For the reasons set forth below, the § 2241 Petition will be DISMISSED because, at this juncture, it is not ripe for judicial disposition.

## I. PROCEDURAL HISTORY

On September 9, 2026, Petitioner filed his § 2241 Petition claiming that he had been improperly denied a bond hearing and was not subject to mandatory detention. ECF No. 1, at 6–7. Petitioner asks the Court "to order [his] direct release from ICE custody, pending a fair bond hearing, or, in the alterative, to order a fair bond hearing." *Id.* at 8.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

On September 23, 2026, Respondents filed an Opposition in which they assert that Petitioner is detained pursuant to 8 U.S.C. § 1226. ECF No. 7, at 1. Respondents argue that the § 2241 Petition should be dismissed as unripe because Petitioner's only request for a bond hearing was voluntarily withdrawn by Petitioner's counsel. *Id.* at 2.

Based on Respondents' arguments, it is appropriate to review the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(1).

## II. FACTUAL BACKGROUND

Petitioner provides very little information in his § 2241 Petition. Additional background is necessarily taken from submissions provided by Respondents.

Petitioner is a citizen and native of El Salvador. ECF No. 7-1, at 2. Petitioner stated that he arrived in the United States as a minor in 2001 and has been a lawful permanent resident since 2009.[2] *See* ECF No. 1, at 7. Petitioner's mother, brother, and sister became U.S. citizens in 2023, 2023, and 2014, respectively. ECF No. 7-1, at 3. He states that he is not a danger to the community and not a flight risk because his roots are in Virginia along with his family who depend on him for support. ECF No. 1, at 7. His mother is suffering mentally due to his detention because he is not with his family to helps her care for his siblings and be "a pillar of support for [his] family emo[t]ionally and fina[n]cial[l]y." *Id.*

Beginning in 2022 and through 2026, Petitioner has extensive criminal history of various misdemeanor and felony convictions for drug possession, larceny, conspiracy to commit larceny, possession of stolen property with intent to sell, and shoplifting in various Virginia state courts.

[2] Petitioner filed an Application to Register Permanent Residence or Adjust Status (I-485) form on April 16, 2010. ECF No. 7-1, at 3. Petitioner's I-485 Form was approved on June 7, 2010, and his status was changed to lawful permanent resident. *Id.*

*See* ECF No. 7-1, at 3–6. Petitioner was taken into immigration custody on July 23, 2026. ECF No. 1, at 5.

## III. STANDARD OF REVIEW

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)).

However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## IV. ANALYSIS

Petitioner argues that he is entitled to a bond hearing. ECF No. 1, at 6–7. Respondents assert that Petitioner withdrew his only request for a bond hearing and has not subsequently requested a bond hearing. ECF No. 7, at 1–2. Respondents contend that because Petitioner has never asked for (other than the withdrawn request) or been denied a bond hearing by an Immigration Judge, his § 2241 Petition is not ripe. *Id.*

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[ is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Ripeness is a doctrine used to evaluate whether an actual case or controversy exists, because a court cannot decide a claim that is not ripe for its review. *See Ohio Forestry Ass'n Inc.*

*v. Sierra Club*, 523 U.S. 726, 732–34 (1998). The United States Supreme Court has recognized that "[t]he burden of proving ripeness falls on the party bringing suit." *S.C. Citizens for Life, Inc.*, 301 F. App'x at 220 (alteration in original) (quoting *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006)).

To determine whether a claim is ripe for judicial disposition, "a court must evaluate (i) 'the fitness of the issues for judicial decision' and (ii) 'the hardship to the parties of withholding court consideration.'" *Id.* at 221 (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967)). A claim for relief "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted) (citation omitted); *see Miller*, 462 F.3d at 319 ("A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." (citation omitted)).

Here, the Court agrees that Petitioner's claim that he has been denied an individualized bond hearing, ECF No. 1, at 6, is not ripe because, at best, it rests upon a future contingency. Nothing in the record reflects that Petitioner has filed a motion requesting a bond hearing (which was not subsequently withdrawn) and has been denied a bond hearing by an Immigration Judge. Petitioner is entitled to ask the *Immigration Court* for a bond hearing from an Immigration Judge, where he can argue that he should not be subject to detention. Petitioner's claim is not ripe for adjudication because "it rests upon contingent future events that may not occur." *Texas*, 523 at 300 (cleaned up). Petitioner can only seek the relief he desires if he files a request for a bond hearing from the Immigration Court, allows such request to proceed to review, and is thereafter denied a hearing. Accordingly, the Court lacks Article III jurisdiction to consider the § 2241 Petition on the merits at this juncture.

## V. CONCLUSION

The § 2241 Petition (ECF No. 1) will be DISMISSED for lack of jurisdiction.

An appropriate Final Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 7, 2026
Richmond, Virginia